IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| SERENA GARVIN & KATHERINE MURPHY, | |
| Plaintiffs, | No. C10-4107-MWB |
| vs. | ORDER REGARDING PLAINTIFFS' APPEAL OF MAGISTRATE'S ORDER REGARDING MOTION TO COMPEL |
| SIOUXLAND MENTAL HEALTH SERVICES, INC. d/b/a SIOUXLAND MENTAL HEALTH CENTER; KIM FISCHER-CULVER and JIM RIXNER, | |
| Defendants. | |

_____

## I.   INTRODUCTION AND BACKGROUND

This case is before met on plaintiffs Serena Garvin and Katherine Murphy's Objection to Magistrate Order Denying Motion to Compel (docket no. 45). On May 22, 2012, then Chief United States Magistrate Judge Paul A. Zoss denied plaintiffs' Motion to Compel. Plaintiffs, a former female mental health therapist and a female community support specialist of a mental health services provider, allege that they were subjected to a sexually hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Iowa Civil Rights Act, IOWA CODE CH. 216. In their Motion to Compel, plaintiffs asked that defendant Kim Fischer-Culver be ordered to produce documents and answer questions relating to her sexual orientation. Specifically, plaintiffs ask that Fischer-Culver be ordered to produce "all medical records that reflect mental health issues and mental health and counseling records for the last 15 years." Plaintiff's Mot. to Compel at ¶ 2 (docket no. 23). Plaintiffs also ask that Fischer-

Culver be ordered to appear at a deposition to answer questions about her sexual orientation. Judge Zoss concluded that while Fischer-Culver's sexual orientation was relevant and admissible, her medical and mental health records were privileged and protected from disclosure under Federal Rule of Evidence 501.[1] Judge Zoss further concluded that Fischer-Culver had done nothing to waive her privilege. Judge Zoss additionally found that plaintiffs had already deposed Fischer-Culver and questioned her about her sexual orientation and sexual preferences. Judge Zoss found that the only questions Fischer-Culver had refused to answer were questions about what she had discussed during therapy sessions. Judge Zoss concluded that Fischer-Culver was properly instructed not to answer these questions since delved into privileged matters.

Plaintiffs have appealed that portion of Judge Zoss's order finding that Fischer-Culver had not waived her privilege. Plaintiffs contend that Fischer-Culver waived her privilege by discussing her therapy with plaintiffs. Defendants have not filed a response to plaintiffs' appeal.

---

[1] Rule 501 provides that:

> The common law--as interpreted by United States courts in the light of reason and experience--governs a claim of privilege unless any of the following provides otherwise:
> - the United States Constitution;
> - a federal statute; or
> - rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

FED. R. EVID. 501.

## *II.  LEGAL ANALYSIS*

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, "[t]he district judge in the case must consider timely objections [to a magistrate judge's ruling on nondispositive matters] and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).  Here, I find that Judge Zoss's decision denying plaintiffs' Motion to Compel is neither clearly erroneous nor contrary to law.

The Eighth Circuit Court of Appeals recently discussed evidentiary privileges, observing that:

> All evidentiary privileges asserted in federal court are governed, in the first instance, by Federal Rule of Evidence 501. Federal privilege law, as conceived by Rule 501, is determined by "the principles of common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed. R. Evid. 501. "The beginning of any analysis under Rule 501 is the principle that 'the public has a right to every man's evidence.'" *Carman,* 114 F.3d at 793 (quoting Hardwicke, L.C.J., quoted in 12 *Cobbett's Parliamentary History,* 675, 693 (1742)). Thus, in the development of testimonial privileges, courts "start with the primary assumption that there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional, being so many derogations from a positive general rule." *Jaffee v. Redmond,* 518 U.S. 1, 9, 116 S. Ct. 1923, 135 L. Ed. 2d 337 (1996) (quotations omitted). Accordingly, "these exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon,* 418 U.S. 683, 710, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974).

*United States v. Ghane*, 673 F.3d 771, 780 (8th Cir. 2012) (footnote omitted).

3

In *Jaffee v. Redmond,* 518 U.S. 1, 9 (1996), the United States Supreme Court recognized that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501." *Id.* at 15.  The Court observed that a testimonial "privilege protecting confidential communications between a psychotherapist and her patient 'promotes sufficiently important interests to outweigh the need for probative evidence.'" *Id.* at 9–10 (quoting *Trammel v. United States,* 445 U.S. 40, 51 (1980)).  The Court noted:

> Effective psychotherapy . . . depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears. Because of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communications made during counseling sessions may cause embarrassment or disgrace. For this reason, the mere possibility of disclosure may impede development of the confidential relationship necessary for successful treatment.

*Id.* at 10.  The Court went on to recognize that:

> The psychotherapist privilege serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem. The mental health of our citizenry, no less than its physical health, is a public good of transcendent importance.

Id. at 11.

In *Jaffee,* the Court extended the psychotherapist-patient privilege to licensed social workers. *Id.* at 15.  The Court reasoned that licensed social workers provide important mental health treatment and their clients often include individuals unable to afford a psychiatrist or psychologist.  The Court observed that counseling sessions with a social worker serve the same public goals as those with a psychiatrist or psychologist.  Thus, the

4

Court held that conversations and notes taken during counseling sessions are protected from compelled disclosure under Rule 501. *Id.* at 16.

The psychotherapist-patient privilege can be waived. *Jaffee,* 518 U.S. at 15 n.14; *Ghane*, 673 F.3d at 786. The issue here is whether Fischer-Culver waived her psychotherapist-patient privilege by her actions. The record shows that, at most, Fischer-Culver mentioned to co-workers that she was in recovery for alcoholism and was undergoing psychotherapy. Federal courts have held that the psychotherapist-patient privilege can be waived if the patient discloses the substance of the therapy sessions to third parties. *See United States v. Kokoski*, 435 Fed. App'x 472, 477 (6th Cir. 2011); *United States v. Bishop,* No. 97-1175, 1998 WL 385898, at *5 (6th Cir. July 1, 1998); *Doe v. Ensey*, 220 F.R.D. 422, 425-26 (M.D. PA 2004). In this case, based on the limited record before me, Fischer-Culver merely told Garvin and Murphy that she was undergoing therapy. Garvin and Murphy's deposition transcripts do not indicate, nor have plaintiffs otherwise demonstrated, that the substance of Fischer-Culver's therapy sessions was disclosed by her to Garvin, Murphy, or any other person. Thus, I conclude that Fischer-Culver did not waive the psychotherapist-patient privilege as to the content of her therapy sessions. *See Koch v. Cox*, 489 F.3d 384, 391 (D.C. Cir. 2007) (holding that "a plaintiff does not put his mental state in issue merely by acknowledging he suffers from depression. . ."); *Richardson v. Sexual Assault/Spouse Abuse Resource Ctr., Inc.*, 764 F. Supp.2d 736, (D. MD 2011) (holding that "disclosure of an individual's receipt of services is not tantamount to a disclosure of confidential information and does not waive the privilege that may be associated with any confidential information."); *Sorenson v. H&R Block, Inc.*, 197 F.R.D. 199, 205 (D. Mass. 2000) (holding that plaintiffs did not waive psychotherapist privilege by identifying treating health care providers as well as the dates and costs of their treatments). Consequently, Judge Zoss's decision denying plaintiffs'

Motion to Compel is neither clearly erroneous nor contrary to law, and I deny plaintiffs' appeal and affirm Judge Zoss's ruling.

**IT IS SO ORDERED.**

**DATED** this 14th day of August, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA